IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH HARPER,   OPINION & ORDER

        Petitioner,   21-cv-707-wmc
  18-cr-166-wmc
   v.

UNITED STATES OF AMERICA,

        Respondent.

---

On November 5, 2021, petitioner Joseph Harper filed a motion to vacate pursuant to 28 U.S.C. § 2255, challenging the sentence this court imposed on July 29, 2019, on ineffective assistance of counsel grounds. On April 19, 2019, Harper pleaded guilty to conspiracy to distribute 500 grams or more of a mixture or substance containing cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1). The government filed a notice of a prior serious drug felony pursuant to 21 U.S.C. § 851, subjecting Harper to a mandatory minimum sentence of ten years of incarceration, with a maximum sentence of life in prison. Ultimately, the court sentenced Harper to 144 months of imprisonment, to be followed by an eight-year term of supervised release.

In his motion, Harper claims ineffective assistance of counsel, citing his attorney's failure to: (1) challenge the validity of the § 851 enhancement, and (2) file a timely notice of appeal. Acknowledging his motion was filed well after the one year statute of limitations for § 2255 motions set forth in § 2255(f)(1) passed, Harper further asks that

1

the court find that the statute of limitations has been tolled in light of (1) his placement at numerous jails between his sentencing and July of 2020, and (2) restrictions on his access to legal materials due to the COVID-19 pandemic.  (Dkt. #4.)   Having reviewed his submissions, as well as the materials from their criminal proceedings before this court, the court finds that Harper is not entitled to equitable tolling, and accordingly that his untimely petition must be dismissed.

OPINION

A motion under section 2255 must be filed within one year from the latest of four potential dates:   (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making the motion was removed, if the movant could not make the motion because of some governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claims or claims presented could have been discovered through the exercise of due diligence.  § 2255(f)(1)-(4).  As noted, Harper acknowledges that his petition is untimely under § 2255(f)(1), but asks that the court find that the statute of limitations has been tolled, implicitly invoking § 2255(f)(4).

"'[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.'"  *Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).  "To

2

qualify for equitable tolling, a [movant] must show: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lombardo*, 860 F.3d at 551. Harper in particular asks that the court find the statute of limitations tolled in light of his placement in several jails between July of 2019 and July of 2021, and then subsequently due to lockdown procedures related to the COVID-19 pandemic. Harper in particular states that when he finally arrived at FCI-Gilmer in July of 2021, he was placed in quarantine, where he was unable to access legal materials, the law library and his counsel.

Although the court takes Harper's statements in his affidavit as true, he does not provide the full story, nor, more importantly, does he explain how he was diligently pursuing his right to file a § 2255 motion sufficient to meet the first element of equitable tolling. Indeed, the court sentenced Harper in July of 2019, approximately eight months before the restrictions associated with the COVID-19 pandemic were implemented in this country. Even assuming that during that eight-month period of time Harper was shuffled between multiple jails, Harper has not explained how he lacked the ability to prepare or file a § 2255 motion during that long stretch of time, much less whether he *tried* to do so. Harper similarly does not state when he arrived at FCI-Gilmer, nor *any* unsuccessful efforts to prepare a timely § 2255 motion once he was at that institution.

While the court accepts that Harper's required quarantine limited his access to legal materials, for his circumstances to warrant equitable tolling, it was incumbent upon Harper to make some showing of his *actual* efforts to prepare and file his motion within one year

3

of his sentence becoming final. Harper has not made such a showing, and the court has strong suspicions that he could not, given other filings he submitted between November and December of 2020. Indeed, on November 9, 2020, Harper filed a two-page typewritten motion for compassionate release citing legal authorities relevant to his motion (CR (dkt. #505)), and on December 7, 2020, Harper filed a motion to appoint counsel (CR (dkt. #513)).1 Although the court accepts that other courts have found the § 2255 statute of limitations tolled in light of the impediments posed by the COVID-19 pandemic, *see United States v. Washington*, No. 20 C 50300, 2021 WL 2222609, at *3 (N.D. Ill. June 2, 2021) (collecting cases), in those instances the petitioner made a showing of *actual* thwarted attempts to file a timely petition due to the pandemic. *Id.* Since Harper's request for tolling is accompanied by a description only of the circumstance of his confinement and not his particular efforts to preserve his right to file a § 2255, he is not entitled to equitable tolling and his petition therefore must be dismissed as untimely.

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), meaning that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S.

---

1 The court cites the underlying criminal proceeding using the designation "CR."

473, 483-84 (2000)).   For all the reasons just discussed, Harper has not made such a showing.   Therefore, a certificate of appealability will not issue.

ORDER

IT IS ORDERED that:

1. Joseph Harper's motion for equitable tolling (dkt. #4) is DENIED.

2. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Joseph Harper's motion to vacate to vacate is DENIED and his petition is DISMISSED as untimely.

3. No certificate of appealability shall issue.

Entered this 26th day of April, 2022.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge